Matter of Dougherty (2026 NY Slip Op 00893)

Matter of Dougherty

2026 NY Slip Op 00893

Decided on February 18, 2026

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.

2025-11873

[*1]In the Matter of Terrance J. Dougherty, admitted as Terrance Joseph Dougherty, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Terrance J. Dougherty, respondent. (Attorney Registration No. 5531280)

MOTION by the Grievance Committee for the Tenth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), based upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on September 13, 2017, under the name Terrance Joseph Dougherty.

Catherine A. Sheridan, Hauppauge, NY (Rose L. Dias of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
On September 8, 2025, the respondent pleaded guilty in the Supreme Court, Nassau County, to 13 counts of grand larceny in the second degree, a class C felony, in violation of Penal Law § 155.40(1); and 1 count of scheme to defraud in the first degree, a class E felony, in violation of Penal Law § 190.65(1)(b). According to his plea agreement, the respondent admitted to grand larcenies against 30 complainants between March 19, 2021, and November 29, 2024, and agreed to restitution totaling $1,721,600.
The Grievance Committee for the Tenth Judicial District moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), based upon his felony conviction.
Pursuant to Judiciary Law § 90(4)(a), the respondent was automatically disbarred and ceased to be an attorney upon his conviction of a felony.
Accordingly, the motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), is granted to reflect the respondent's automatic disbarment as of September 8, 2025.
LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ORDERED that the Grievance Committee's motion to strike the name of the respondent, Terrance J. Dougherty, admitted as Terrance Joseph Dougherty, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Terrance J. Dougherty, admitted as Terrance Joseph Dougherty, is disbarred, effective September 8, 2025, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Terrance J. Dougherty, admitted as Terrance Joseph Dougherty, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Terrance J. Dougherty, admitted as Terrance Joseph Dougherty, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Terrance J. Dougherty, admitted as Terrance Joseph Dougherty, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court